UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ATRIENT, INC., | Case No. 2:17-CV-2880 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| WENDY PEREZ, | |
| Defendant(s). | |

Presently before the court is defendant Wendy Perez's motion to dismiss. (ECF No. 6). Plaintiff Atrient Inc. filed a response (ECF No. 12), to which defendant replied (ECF No. 13).

**I.      Facts**

This action arises from an unfortunate state of affairs regarding plaintiff and its former employee. (ECF No. 1). Plaintiff is a gaming information technology company that provides custom developed software solutions for gaming operators. *Id*. On or about October 20, 2016, plaintiff hired defendant as a senior account executive. *Id*. As part of her employment contract, defendant was required to sign a non-disclosure agreement ("NDA"), which prohibited her from disclosing proprietary information. *Id*. For some unexplained reason, defendant never signed the NDA, but was able to begin and continue working as an account executive. *Id*.

Defendant claims that a few months after her initial employment, around January 2017, her immediate supervisor, Jessie Gill, began sexually harassing her. (ECF No. 6). Defendant alleges that Mr. Gill would make lewd suggestive comments, grope defendant's body, claim that there is a sex tape of defendant, make sexual overtures, and forcefully pry defendant's legs apart as if to impose sexual behavior. (ECF No. 14). Defendant continues that when she would reject these advances, Mr. Gill would criticize her work performance. *Id*.

**James C. Mahan**
**U.S. District Judge**

In May 2017, the conflict surrounding defendant's employment escalated. Defendant complained within the company to a newly hired supervisor. *Id*. At or around the same time, defendant was placed on a performance improvement plan as a formal remedy for inadequate work performance. (ECF No. 1). In July 2017, defendant filed a formal harassment complaint with the Nevada Equal Rights Commission ("NERC"). (ECF Nos. 1, 14).

From the time defendant filed a complaint to initiation of this action, plaintiff attempted on multiple occasions to have defendant execute the NDA. (ECF No. 1). Defendant repeatedly refused to sign the contract. (ECF Nos. 1, 6). On November 16, 2017, plaintiff terminated defendant and served the instant complaint. (ECF Nos. 1, 6, 14).

Now, defendant moves to dismiss the complaint for failure to state a claim. (ECF No. 6).

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

James C. Mahan
U.S. District Judge

- 2 -

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

## III. Discussion

Plaintiff's complaint lists four causes of action: (1) declaratory judgment, (2) declaratory judgment, (3) specific performance, and (4) conspiracy. (ECF No. 1). The first and second claims largely overlap. Collectively they request the court to declare that defendant is bound by the employment contract and the NDA, defendant is in violation of the employment contract, and plaintiff has no duty to employ defendant if she does not sign the NDA. *Id*. The third cause of action requests specific performance of the employment agreement. *Id*.

*a. Declaratory judgment*

Declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, is merely a remedy that the court may grant after plaintiff has established and proven its case. It is not an independent, substantive cause of action. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The same is true for a request for declaratory judgment under Nevada's Uniform Declaratory Judgment Act. *See* Nev. Rev.

Stat. § 30.030; *Builders Ass'n of N. Nevada v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989) ("The Uniform Declaratory Judgments Act does not establish a new cause of action").

Here, plaintiff requests declaratory judgment as a relief for breach of contract, but never actually alleges breach of contract in the complaint. *See* (ECF No. 1). Accordingly, the court will dismiss without prejudice plaintiff's first and second claims for declaratory judgment.

*b. Specific performance*

Specific performance is a form of contractual remedy and not an independent cause of action. *See Carcione v. Clark*, 618 P.2d 346, 348 (Nev. 1990). To be entitled to specific performance, plaintiff must establish that defendant is in breach of contract. *See Serpa v. Darling*, 305, 810 P.2d 778, 782 (Nev. 1991).

Once again, plaintiff requests a remedy of specific performance for breach of contract, but never actually alleges breach of contract in the complaint. *See* (ECF No. 1). Accordingly, the court will dismiss without prejudice plaintiff's third claim.

*c. Conspiracy*

In Nevada, an actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998); *Morris v. Bank of Am. Nevada*, 886 P.2d 454, 455 n.1 (1994).

To state a claim for civil conspiracy a plaintiff must allege that: (1) two or more defendants acted in concert with the intent to accomplish an unlawful objective for the purpose of harming another, and (2) damage resulted from the concerted acts. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001); *see also Steele v. EMC Mortg. Corp.*, No. 59490, 2013 WL 5423081, at *1 (Nev. Sept. 20, 2013).

Here, plaintiff alleges that defendant "acted . . . to attack the company through digital means," but fails to allege any identifiable unlawful acts. The complaint, on its face, merely alleges that defendant worked with unknown co-conspirators with largely unknown means to accomplish

an unknown objective. (ECF No. 1). Thus, plaintiff has failed to adequately allege the first element of civil conspiracy. *See Morris*, 886 P.2d at 455.

Further, plaintiff fails to identify any cognizable harm that it has suffered as a result of the alleged conspiracy. Plaintiff's complaint simply states that defendant and her co-conspirators have "caused or will cause damage." (ECF No. 1). These broad, conclusory statements are not sufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. 544, 555 (2007) (holding that Rule 8 requires more than "conclusions or a formulaic recitation of the elements of a cause of action"). Accordingly, because plaintiff has not sufficiently pleaded civil conspiracy, the court will dismiss the fourth claim.

## IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED without prejudice.

DATED August 27, 2018.

_____
UNITED STATES DISTRICT JUDGE